IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-01716-REB-BNB

MARY KITTLE,

    Plaintiff,

v.

ACCREDITED COLLECTION AGENCY INC., a New Jersey corporation,
d/b/a CHECK ENFORCEMENT BUREAU, and
NORMAN G. KALINA, an individual, d/b/a Norman Kalina Law Office,

    Defendants.

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**Blackburn, J.**

This matter is before me on the plaintiff's **Motion for Default Judgment** [#13][1] filed October 16, 2009. The defendants filed a response[2] [#15] and the plaintiff filed a reply [#17]. Having considered the motion, response, reply, and the file, and being advised in the premises, I find and conclude the motion for default judgment should be granted on the terms stated in this order.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

---

[1] "[#13]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The plaintiff notes that her motion for default judgment was filed on October 16, 2009, and the defendants' response [#15] was filed on December 24, 2009. Under D.C.COLO.LCivR 7.1C., a party has 20 days after the filing of a motion in which to file a response. The defendants' response is not timely. However, because the defendants' response concerns the basis for the entry of judgment in this case, I consider the defendants' response, even though it was not timely filed.

## II.  STANDARD OF REVIEW

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk of the court must enter the party's default.  FED. R. CIV. P. 55(a).  After default has entered, the party seeking relief against the defaulting party may apply to the court for a default judgment and, if the party seeking relief provides a proper basis for the entry of default judgment, the court may enter default judgment against the defaulting party.  FED. R. CIV. P. 55(b).

## III.  ANALYSIS

The complaint [#1] in this matter was filed on August 15, 2007.  Returns of service [#3, #9] reflecting valid service on the defendants were filed August 24, 2007 and January 2, 2008.  The defendants did not file answers.  In their response [#15] to the motion for default judgment, the defendants report that they elected not to incur the expense of filing a response to the complaint.  The Clerk of the Court entered default [#11] against the defendants on January 8, 2008.  On entry of default against the defendants, the well-pleaded allegations in the complaint are deemed admitted.  **See Olcott v. Delaware Flood Co.** 327 F.3d 1115, 1125 (10th Cir. 2003); **Lundahl v. Zimmer**, 296 F.3d 936, 939 (10th Cir. 2002).

In her complaint [#1], the plaintiff, Mary Kittle, alleges that from July through August 2007, the defendants telephoned her repeatedly in an effort to collect a debt owed by Kittle.  Kittle states in her complaint that the debt is legitimate.  Kittle alleges that the defendants falsely and repeatedly threatened to serve Kittle with papers to appear in court if she did not pay the debt, and falsely and repeatedly threatened to press criminal charges against Kittle if she did not pay the debt.  Kittle alleges also that the defendants repeatedly called her at her place of employment after Kittle repeatedly

had told the defendants that she was not allowed to receive phone calls at work and had asked the defendants not to call the plaintiff at her place of employment.

Kittle alleges that the defendants' actions violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692p (FDCPA). Specifically, she alleges that the defendants violated 15 U.S.C. §§ 1692c(a)(1), c(a)(3), 1692d preface, d(2), 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10), and 1692f preface. In her affidavit [#13-1] in support of her motion for default judgment, Kittle states that the debt collection harassment by the defendants has "caused me a great deal of embarrassment and emotional distress." *Motion for default judgment* [#13], Affidavit ¶ 6. Kittle states that, as a result of the telephone calls from the defendants, "I was extremely upset, suffered emotional distress including excessive stress, headaches, fear, sleeplessness, loss of appetite, withdrawal from social situations and depression. I have therefore sustained $15,000 in actual damages . . . ." *Id.*, ¶¶ 7 - 8.

In her motion for default judgment, Kittle seeks the entry of default judgment against the defendants in the amount of 16,000 dollars plus reasonable attorney fees and costs. She contends that she has suffered actual damages in the amount of 15,000 dollars, and that she is entitled to statutory damages in the amount of 1,000 dollars. The defendants argue that, based on the evidence submitted by Kittle, Kittle is not entitled to an award of 15,000 dollars in actual damages.[3] The defendants do not contest Kittle's claim for 1,000 dollars in statutory damages. The defendants argue also that Kittle is not entitled to an award of attorney fees because the basis for such an award is not substantiated adequately in Kittle's motion.

---

[3] Kittle has not requested a hearing on her motion for default judgment or on the issue of damages. I construe her motion for default judgment [#13] and reply [#17] as a request for a ruling based on the papers filed in support of her motion for default judgment.

3

## A. Actual Damages

A plaintiff who establishes a violation of the FDCPA may recover damages for personal humiliation, embarrassment, mental anguish, or emotional distress. There is a split among various courts as to whether a plaintiff's claim for damages for emotional distress under the FDCPA is evaluated under the state law standard governing the tort of intentional infliction of emotional distress (IIED) or some lower standard. *See Costa v. National Action Financial Servs.*, No. S-05-2084 FCD/KJM, 2007 WL 4526510, at *7 (E.D. Cal. 2007). As discussed in *Costa*, some courts require an FDCPA plaintiff to prove the elements of a state tort claim for IIED to support a claim for emotional distress damages. *Id*. at *8 (citing cases). Other courts have concluded that an FDCPA plaintiff does not need to meet the state law standards for IIED in order to recover emotional distress damages. *Id*. at *7 (citing cases).

In this case, I conclude that I need not determine which of these two standards is applicable to a claim for emotional distress damages under the FDCPA because, even under the more lenient standard, Kittle has not made a *prima facie* showing of emotional distress damages. Kittle's statement that, as a result of the defendants' actions, she "was extremely upset, suffered emotional distress including excessive stress, headaches, fear, sleeplessness, loss of appetite, withdrawal from social situations and depression" is not sufficient to demonstrate that the defendants' actions caused these various forms of emotional distress. *Motion for default judgment* [#13], Affidavit ¶¶ 7 - 8. Further, Kittle's statement provides no reasonable basis to determine an amount of damages for her claimed emotional distress. Kittle provides no details of any kind about her claimed emotional distress, including the forms, timing, duration, and frequency of her claimed distress, or whether she sought treatment for her claimed

distress. Such conclusory, general, and uncorroborated testimony concerning emotional distress is not sufficient to support an award of damages for emotional distress. ***Dill v. City of Edmond, OK***, 155 F.3d 1193, 1209 (10th Cir. 1998) (plaintiff's statement that transfer was "very upsetting," that everything he worked for "was taken away," and some people would not associate with him because of transfer not sufficient to prove emotional distress). When the plaintiff's testimony is the only evidence of emotional damages, the plaintiff "'must explain the circumstances of his injury in reasonable detail'" and not rely on conclusory statements, unless the "'facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action.'" ***Wantz v. Experian Information Solutions***, 386 F.3d 829, 834 (7th Cir. 2004), ***abrogated on otr. grounds by Safeco Ins. Co. of America v. Burr***, 551 U.S. 47, 56 (2007) (quoting ***Denius v. Dunlap***, 330 F.3d 919, 929 (7th Cir. 2003)). I conclude that as a matter of law, the facts described by Kittle are not so inherently degrading that those facts, *ipso facto*, support a reasonable inference that Kittle suffered emotional distress from the defendants' actions. Thus, Kittle is not entitled to an award of actual damages for emotional distress.

### B. Attorney Fees

The FDCPA provides for an award of reasonable attorney fees, as determined by the court, when a plaintiff successfully prosecutes an action to enforce the FDCPA. 15 U.S.C. § 1692k(a)(3). In her motion for default judgment, Kittle seeks an award of attorney fees, but does provide a factual basis for an award in any particular amount. The defendants argue that Kittle should not be awarded attorney fees because she has not substantiated her claim for attorney fees. I disagree.

FED. R. CIV. P. 54(d)(2) provides that a claim for attorney fees "must be made by

5

motion unless the substantive law requires those fees to be proved at trial as an element of damages." Such a motion must be filed within 14 days after the entry of judgment. Section 1692k(a)(3) provides for an award of reasonable attorney fees, as determined by the court, after a plaintiff has successfully prosecuted an action to enforce the FDCPA. I conclude that Kittle's request for an award of attorney fees must be marshaled under FED. R. CIV. P. 54(d)(2).

## IV. CONCLUSION & ORDERS

Default has entered against each of the defendants, and the plaintiff is entitled to default judgment against the defendants. Kittle seeks and award of 1,000 dollars in statutory damages under 15 U.S.C. § 1692k(a)(2)(A), and the defendants do not contest Kittle's entitlement to an award of statutory damages. Kittle seeks also an award of 15,000 dollars in actual damages based on emotional distress she says she suffered as a result of the defendants' actions. For the reasons discussed in this order, I find and conclude that Kittle is not entitled to an award of actual damages for emotional distress. Finally, I conclude that, following the entry of default judgment against the defendants, Kittle may file a motion for an award of reasonable attorney fees.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Motion for Default Judgment** [#13] filed October 16, 2009, is **GRANTED** on the terms stated in this order;

2. That under FED. R. CIV. P. 55(b), default **JUDGMENT SHALL ENTER** in favor of the plaintiff, Mary Kittle, against the defendants, Accredited Collection Agency, Inc., a new Jersey corporation, d/b/a Check Enforcement Bureau, and Norman G. Kalina, and individual, d/b/a Norman Kalina Law office, jointly and severally, on the claims for relief asserted in the plaintiff's complaint [#1], filed August 14, 2007, on the terms stated

6

below;

3. That under 15 U.S.C. § 1692k, the plaintiff is **AWARDED** statutory damages in the amount of 1,000 dollars;

4. That on or before July 14, 2010, the plaintiff **MAY FILE** a motion seeking and circumstantiating in the manner required by FED. R. CIV. P. 54(d)(2) and D.C.COLO.LCivR 54.3 an award of reasonable attorney fees;

5. That any response and reply **SHALL BE MARSHALED** in the time and manner prescribed by D.C.COLO.LCivR 7.1C.;

6. That the plaintiff, Mary Kittle, is **AWARDED** her costs, to be taxed by the Clerk of the Court under Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

7. That otherwise the plaintiff's **Motion for Default Judgment** [#13] filed October 16, 2009, is **DENIED**.

Dated June 30, 2010, at Denver, Colorado.

                                              **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge