**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 07-cv-01716-REB-BNB

MARY KITTLE,

    Plaintiff,

v.

ACCREDITED COLLECTION AGENCY INC., a New Jersey corporation,
    d/b/a CHECK ENFORCEMENT BUREAU, and
NORMAN G. KALINA, an individual, d/b/a Norman Kalina Law Office,

    Defendants.

**ORDER GRANTING MOTION FOR ATTORNEY FEES**
**AND DIRECTING ENTRY OF AMENDED JUDGMENT**

**Blackburn, J.**

This matter is before me on the plaintiff's **Motion for Attorneys Fees** [#22][1] filed July 14, 2010. The defendant filed a response [#23], and the plaintiff filed a reply [#24]. I grant the motion.

In her complaint, the plaintiff brought claims against the defendant under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692p (FDCPA). Ultimately, I ordered [#18] the entry of a default judgment against both defendants, and default judgment [#19] was entered. In my order [#18] directing the entry of default judgment, I concluded that the plaintiff had not established a factual basis for an award of damages for emotional distress under 15 U.S.C. § 1692k(a)(1). I directed the entry of default

---

[1] "[#22]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

judgment against the defendants in favor of the plaintiff for 1,000 dollars in statutory damages, as permitted under § 1692k(a)(2)(A). I granted the plaintiff an opportunity to file a motion seeking an award of reasonable attorney fees. Based on the default judgment entered against the defendants, the plaintiff now seeks an award of attorney fees.

The FDCPA provides that a successful plaintiff shall be awarded a reasonable attorney fee as determined by the court. 15 U.S.C. § 1692k(a)(3). The defendants argue that an award of attorney fees is not proper when, as in this case, the only damages awarded to the plaintiff are statutory damages under § 1692k(a)(2)(A). Applying the plain language of the applicable statute, I disagree. In relevant part, § 1692k(a) provides as follows:

> (a) Amount of damages
>
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
>
> (B) [not relevant]; and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C.A. § 1692k(a).

Notably, § 1692k(a)(3), the attorney fees provision, refers to "the foregoing liability." The phrase "foregoing liability" in subsection (a)(3) refers to the liabilities described in § 1692k(a)(1) and (2). Those liabilities include the statutory damages

2

awarded to the plaintiff in this case, as specified in § 1692k(a)(2)(A). In this case, the plaintiff has pursued a successful action to enforce the liability specified in § 1692k(a)(2)(A). As a result, she is entitled to an award of reasonable attorney fees and costs under § 1692k(a)(3). I disagree with any contrary interpretation of this clear statutory language.

Any determination of reasonable attorneys fees starts with a calculation of the "lodestar" amount. **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983). The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." **Hensley**, 461 U.S. at 433. The Tenth Circuit Court of Appeals has recognized the lodestar amount as presumptively reasonable. **Homeward Bound, Inc. v. Hissom Memorial Ctr.**, 963 F.2d 1352, 1355 (10th Cir. 1992). A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience. **Blum v. Stenson**, 465 U.S. 886, 895 (1984).

The defendants do not dispute the reasonableness of the hourly rate of 250 dollars per hour claimed by the plaintiff's counsel. The defendants cite a delay in the completion of this case caused by the plaintiffs and argue that any attorney fees incurred after that delay are necessarily unreasonable. Notably, after that delay, the plaintiff filed her motion for default judgment and related documents, a bill of costs, and her motion for attorney fees. Such activity is not unreasonable simply because it was preceded by a delay caused by the plaintiff. Rather, such activity is reasonable because it was necessary to bring this case to a conclusion.

However, I agree with the defendants that certain activities shown in the plaintiff's detailed billing records are not reasonable in the context of this case. Most important, after this case lay dormant for about ten months, the court issued an order to show

cause [#12] to the plaintiff. Attorney fees associated with efforts by the plaintiff's counsel to address the order to show cause are not hours reasonably expended in the context of an attorney fees award. Therefore, I deduct from the award counsel's time billed on October 7 and October 15, 2009, a total of 1.0 hour. Further, in the context of this rather formulaic FDCPA case, I find that the 5.5 hours billed by plaintiff's counsel for preparation of the motion for default judgment is unreasonable. This time was billed on October 16, 2009. Therefore, I reduce the number of hours attributable to this task from 5.5 to 3.0 hours.

Otherwise, I find and conclude that the amount of time spent by plaintiff's counsel on the various tasks necessary to prosecute this case to a successful conclusion, as detailed in plaintiff's motion for attorney fees, was reasonable. The reasonableness of counsel's hourly rate is not disputed. The plaintiff asserts that her counsel reasonably spent 24.2 hours on this case. With the elimination of 3.5 hours from that figure, as specified above, I arrive at 20.7 hours as the number of hours reasonably spent on this case. When that number of hours is multiplied by counsel's reasonable hourly rate of 250 dollars per hour, I arrive at a lodestar figure of 5,175 dollars.

The Clerk of the Court taxed costs [#21] in favor of the plaintiff in the amount of 570.08 dollars. The plaintiff asks that this amount be included in an amended judgment reflecting the amount of attorney fees and costs awarded in this case.

In sum, I find and conclude that plaintiff's counsel reasonably spent 20.7 hours on this case, that his hourly rate of 250 dollars is reasonable, and that the plaintiff is entitled to an attorney fees award in the amount of 5, 175 dollars. Therefore, I grant the plaintiff's **Motion for Attorneys Fees** for the lodestar amount of 5,175.00 dollars. Further, I grant the plaintiff's request for an amended judgment in this case which

includes the amount of attorney fees and costs awarded in this case.

**THEREFORE, IT IS ORDERED**

1. That the plaintiff's **Motion for Attorneys Fees** [#22] filed July 14, 2010, is **GRANTED** on the terms stated in this order;

2. That the plaintiff is **AWARDED** attorney fees of 5,175.00 dollars, which shall be paid to the plaintiff by the defendants; and

3. That an **AMENDED JUDGMENT SHALL ENTER** in favor of the plaintiff, Mary Kittle, against the defendants, Accredited Collection Agency, Inc., a new Jersey corporation, d/b/a Check Enforcement Bureau, and Norman G. Kalina, an individual, d/b/a Norman Kalina Law office, on the claims asserted in the plaintiff's complaint [#1], filed August 14, 2007, on the terms stated below;

4. That under 15 U.S.C. § 1692k(a)(2)(A), the plaintiff is **AWARDED** statutory damages in the amount of 1,000 dollars;

5. That under 15 U.S.C. § 1692k(a)(3), the plaintiff is **AWARDED** 5,175.00 dollars in reasonable attorney fees;

6. That under 15 U.S.C. § 1692k(a)(3), the plaintiff is **AWARDED** 570.08 dollars in costs, as previously taxed [#21] by the Clerk of the Court; and

7. That the total amount of the amended judgment, including statutory damages, reasonable attorney fees, and costs, **SHALL BE** 6,745.08 dollars.

Dated February 15, 2011, at Denver, Colorado.

                                              **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge